IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JASON MATTHEW TRUVER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:19-CV-702-O |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Jason Matthew Truver, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On August 30, 2001, a jury in Tarrant County, Texas, Case No. 0743445, found Petitioner guilty of possession of a controlled substance, methamphetamine, of four grams or more, but less than 200 grams, and, on September 4, 2001, assessed his punishment at 45 years' confinement. SHR01 120, 27-2. On May 16, 2002, Petitioner's conviction was affirmed on appeal. He did not file a petition for discretionary review. Thereafter, between June 14, 2015,[1] and January 30, 2019,

---

[1]A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's applications do not reflect that information, however the "Inmate's Declaration" in each application reflects the date it was signed by Petitioner. For purposes of this

1

Petitioner filed six state habeas-corpus applications challenging his conviction, to no avail. Apps.,[2] ECF Nos. 27-2, 27-8, 27-10, 27-20, 27-25, 27-35. Petitioner filed his original federal habeas petition on August 30, 2019,[3] raising multiple grounds for relief, which was subsequently amended. Pet. 12, ECF No. 1. Respondent asserts that the action is time-barred under the federal statute of limitations. Resp't's Answer 7-12, ECF No. 21.

**II. DISCUSSION**

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

opinion, the Court deems the applications filed on those dates.

[2]"SHR01" and "SHR06" refer to the relevant records of Petitioner's state habeas proceedings in WR-84,352-01 and WR-84,352-06, respectively. ECF Nos. 27-2 & 27-35.

[3]Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts in his original petition that he placed the document in the prison mailing system on August 30, 2019; thus, the Court deems the petition filed on that date.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In a mountain of pleadings, most of which do not comply with the Court's filing requirements and which the Court has reviewed as thoroughly as practical, Petitioner attempts to invoke subsection (D) by asserting that his petition is timely because the factual predicate of one or more of his claims could not have been discovered until October 10, 2018, when he finally obtained the affidavit of Jackie Smalley. Am Pet. 11, ECF No. 7. In the affidavit, Smalley, who knew Petitioner, avers that, although Petitioner met people at her apartment to sell "meth," Petitioner kept his "meth" in a public storage building; that Petitioner did not live at her apartment where the "meth" was seized; that the "meth" found in the safe was "solely" hers, having purchased it from Petitioner earlier that morning; and that she said it was Petitioner's meth, and did not go to trial and testify on his behalf, because the detective and the prosecutor threatened to have her arrested and charged with the offense if she did. *Id.* at 35-36.

According to Petitioner, although diligent in his efforts, he had no family or friends to help find Smalley sooner and only learned of her whereabouts from a new penpal in August 2018. *Id.* at 11, 16; Pet'r's Reply & Objs. 1, ECF No. 16. However, the operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner does not indicate the date he became aware of the facts contained in Smalley's affidavit. However, even if Smalley's version of the events is correct, then Petitioner should have been aware that the

methamphetamine was Smalley's on August 18, 1999, the date it was seized by the police and he was arrested. Petitioner confuses his knowledge of the factual predicate for his claim with the time permitted for gathering evidence in support of his claim. Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than 16 years after Petitioner's conviction became final, while a habeas petitioner gathers every possible scrap of evidence that might support his claim. *See Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998). *See also Norrid v. Quarterman,* No. 4:06-CV-403-A, 2006 WL 2970439, at *3 (N.D. Tex. Oct. 16, 2006) (rejecting argument that petitioner could not have discovered the factual predicate of his claim until witness executed affidavit recanting trial testimony); *Hammack v. Quarterman,* No. 4:06-CV-111-A, 2006 WL 1831329, at *3 (N.D. Tex. June 30, 2006) (same); *Chism v. Johnson,* No. 3-99-CV-2412-BD, 2000 WL 256875 at *2 (N.D. Tex. Mar.7, 2000) (same). The running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits. Petitioner's contention that the statute of limitations did not begin to run until after he received Smalley's affidavit is unpersuasive.

Instead, under subsection (a), applicable to this case, the limitations period commenced on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, Petitioner's conviction became final on Monday, June 17, 2002,[4] upon expiration of the time that he had for filing a petition for discretionary review (PDR), and expired one year later on June 17, 2003.[5] *See* TEX. R. APP. P.

---

[4]June 15, 2002, was a Saturday.

[5]The Texas courts website reflects that Petitioner was granted an extension of time to file a PDR but does not reveal the date it became due and the parties provide no citation to the record in this regard. The record does however reflect that Petitioner did not file a PDR. Resp't's Answer, Ex. A, ECF No. 21; TEXAS JUDICIAL BRANCH,

68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, Petitioner's federal petition was due on or before June 17, 2003, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas applications, all of which were filed after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner asserts that he was confined in administrative segregation and lockdown for an extended number of years with no, or limited, access to the prison law library and that he had difficulty obtaining his state-court records.[6] Am. Pet. 11, ECF No. 7. However, placement in administrative segregation or solitary confinement that limits access to the law library is generally not grounds for equitable tolling. *See Madis v. Edwards,* 347 Fed. App'x 106, 108, 2009 WL 3150322 (5th Cir. 2009). And, difficulty obtaining state-court records is a common problem for

---

http://www.txcourts.gov (last visited April 6, 2020).

[6]Petitioner asserts that (all spelling, grammatical, and/or punctuation errors are in the original)——

he was in seg 2011 - November 5, 2018, in seg release prgm still locked up till June 27, 2019, no access to law library at Connally unit Oct. 13, 2011 to April 2017, then very limited access to legal material in high security seg at Allred unit till Nov. 5, 2018 & limited access to legal material delivered 3x/wk, 3 cases per request at Ramsey unit Nov. 7, 2018 to June 27, 2019.

Am Pet. 16, ECF No. 7.

prisoners seeking postconviction habeas relief. Petitioner's extreme years-long delay also mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner also asserts that he is actually innocent. A habeas petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner has not made a colorable showing that he is actually innocent in light of "new evidence." Petitioner produced in state court, and here, Smalley's affidavit implicating herself as the sole owner and possessor of the methamphetamine. SHR06 29, ECF No. 27-35. However the Texas Court of Criminal Appeals dismissed the application as a successive petition under article 11.07, § 4(a)-(c).[7] *Id.* Action taken,

---

[7]That provision provides:

    (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

        (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

        (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

    (b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

ECF No. 27-26. By dismissing the application under Article 11.07, § 4(a)-(c), the state's highest criminal court implicitly found that Petitioner failed to show that (1) "the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable . . . ; or (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt." A state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Clearly, the state court did not find Smalley's affidavit particularly persuasive or reliable. Similarly, this Court cannot say that it is more likely than not that no reasonable juror would have convicted Petitioner in light of Smalley's affidavit. Petitioner has not demonstrated a basis for equitable tolling.

Accordingly, Petitioner's federal petition was due on or before June 17, 2003. His petition filed on August 30, 2019, is therefore untimely.

## III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability

---

(c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

TEX. CODE CRIM. PROC. art. 11.07, § 4(a) (West 2015).

is DENIED.

    **SO ORDERED** on this 6th day of April, 2020.

*Reed O'Connor*
**UNITED STATES DISTRICT JUDGE**